# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| United States of America<br>v.<br>CRAIG TOLBERT<br><br>*Defendant* | )<br>)<br>)<br>)<br>) | Case No. 10-1029 (AMD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  03/19/2010  in the county of  Atlantic  in the _____ District of
_____ , the defendant violated  21  U. S. C. §  841(a)(1) , an offense described as follows:

SEE ATTACHMENT "A"

This criminal complaint is based on these facts:

SEE AFFIDAVIT OF PROBABLE CAUSE (ATTACHMENT "B")

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Dean DiPietro, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  August 6, 2010

*Judge's signature*

City and state:  Camden, New Jersey      Honorable Ann Marie Donio, U.S.M.J.
*Printed name and title*

CONTENTS APPROVED

UNITED STATES ATTORNEY

BY: _____
PATRICK C. ASKIN
Assistant United States Attorney

Date: _____August 6, 2010_____

## ATTACHMENT A

### COUNT ONE

On or about March 19, 2010, in Atlantic County, in the District of New Jersey, defendant

**CRAIG TOLBERT**

did knowingly and intentionally distribute and possess with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, commonly known as "crack cocaine", a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## ATTACHMENT B

I, Dean DiPietro, a Special Agent with the Federal Bureau of Investigation ("FBI"), have knowledge of the following facts based on my own investigation and upon conversations with other individuals involved in this investigation. Because this Affidavit is submitted for the sole purpose of establishing probable cause to support the issuance of a Complaint, I have not included each and every fact known by the Government concerning this investigation. All conversations are recounted in sum and substance.

1. On March 19, 2010, members of the South Jersey Violent Incident/Gang Task Force and members of the Atlantic City Police Department Vice Unit met with a cooperating witness for the purpose of attempting to make a controlled purchase of crack cocaine from the defendant, Craig TOLBERT. Prior to March 19, 2010, officers/detectives of the Atlantic City Police Department and FBI Special Agents assigned to the Northfield, NJ resident agency, had made 8 other controlled purchases of crack cocaine from Craig Tolbert beginning in October, 2009.

2. Prior to the meeting with TOLBERT on March 19, 2010, the cooperating witness was searched for both contraband and currency with negative results. The cooperating witness was then provided with $ 1,200 in United States currency to use as buy money and directed to meet with TOLBERT. Agents and detectives conducting surveillance then observed the cooperating witness meet with TOLBERT on Atlantic Avenue in Atlantic City, New Jersey. The agents and detectives observed what appeared to be a narcotics transaction between the cooperating witness and TOLBERT. It should be noted that the cooperating witness had been equipped with a digital recording device prior to the meeting which made an audio recording of the meeting and which has been transferred to a DVD file and placed in FBI evidence in the case by the affiant. Additionally, agents conducting surveillance made a video recording of the meeting between the cooperating witness and TOLBERT.

3. Immediately following the meeting with TOLBERT, the cooperating witness returned to a pre-determined location in the Atlantic City, NJ area and met with the agents and detectives and turned over to them a small plastic bag containing an off white chunky substance, which was believed to be cocaine base (crack cocaine). A field test was performed on a portion of the substance contained in this bag and the field test was positive for the presence of cocaine.

4. The cooperating witness was interviewed after the purchase of narcotics and told the agents and detectives that he met with the defendant, Craig TOLBERT and purchased the crack cocaine that he turned over to the agents/detectives from TOLBERT.

5. The narcotics purchased from TOLBERT were placed in FBI evidence under Exhibit # 73 and were sent to the DEA Northeast Regional Laboratory for further chemical analysis.

6. On March 29, 2010, the narcotics evidence on Exhibit # 73 was analyzed by DEA forensic chemist Diana D. Sanchez. The chemist concluded that exhibit # 73 contained cocaine base and had a net weight of 27.2 grams.